UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| BUILDERS MUTUAL INSURANCE COMPANY )<br>P.O. Box 150006 )<br>Raleigh, North Carolina 27624-0006 )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>PARALLEL DESIGN & DEVELOPMENT LLC )<br>6000 Richpress Drive )<br>Williamsburg, Virginia 23188 )<br> )<br>and )<br> )<br>RICKY L. EDMONDS )<br>801 Holly Street )<br>Richmond, Virginia 23220 )<br> )<br>Defendants. ) | Civil Action No. 3:09CV800 |

## COMPLAINT
(Declaratory Judgment)

Plaintiff Builders Mutual Insurance Company ("Builders Mutual"), by counsel, by and for its cause of action against Defendants Parallel Design & Development LLC ("Parallel") and Ricky L. Edmonds ("Edmonds"), states and alleges as follows:

### PARTIES

1. Plaintiff Builders Mutual Insurance Company ("Builders Mutual") is a mutual insurance company incorporated under the laws of North Carolina with its principal place of business in North Carolina.

2. Defendant Parallel Design & Development LLC ("Parallel") is a Virginia limited liability company with its principal place of business in the Commonwealth of Virginia.

3. Defendant Ricky L. Edmonds is an individual with his place of dwelling in Richmond, Virginia.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 1332 because there is an actual controversy within this jurisdiction, Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the causes of action alleged in the underlying lawsuit arose in part in Richmond, the relevant property of Edmonds is located in Richmond, and Parallel conducted business in Richmond at all relevant times.

6. Pursuant to 28 U.S.C. § 2201 Builders Mutual is entitled to seek a declaration of its obligations under one or more contracts of insurance it issued to Parallel.

## FACTS COMMON TO ALL COUNTS

7. Builders Mutual issued a Commercial Package Policy, Policy No. CP 0016334 03, for the policy period from June 1, 2006 to June 1, 2007. The limits of coverage under the Commercial Package Policy are $1 million per occurrence and $2 million aggregate. A copy of the Commercial Package Policy is attached as Exhibit 1.

8. On or about September 3, 2009, Edmonds filed a Complaint against Parallel in the Circuit Court for the City of Norfolk, Virginia ("Edmonds' Complaint"). A copy of Edmonds' Complaint is attached as Exhibit 2.

9. Edmonds' Complaint alleges that he has suffered damages to his home, other property, and health. See Ex. 2, at p. 18.

10. Edmonds asserts causes of action for breach of contract (Count I), breach of express warranty (Count II), breach of implied warranties (Count III), negligence (Count IV),

negligence per se (Count V), unjust enrichment (Count VI), private nuisance (Count VII), equitable relief, injunctive relief, and medical monitoring (Count VIII), breach of implied warranty of merchantability (Count IX), breach of implied warranty of fitness for a particular purpose (Count X), violation of the Virginia Consumer Protection Act (Count XI), and fraud (Count XII). See Ex. 2, at pp. 5-17.

11. There are four other defendants named in Edmonds' Complaint: The Overlook, L.L.C., see Ex. 2 at ¶ 6, Venture Supply Inc., see Ex. 2 at ¶¶ 3-4, the Porter-Blaine Corp., see Ex. 2 at ¶¶ 9-10, and Tobin Trading Inc., see Ex. 2 at ¶¶ 7-8.

12. Edmonds' Complaint alleges that Tobin Trading, Inc. imported, distributed, delivered, supplied, inspected, marketed and/or sold the defective drywall at issue in the Complaint, and that Porter-Blaine installed the defective drywall in Edmonds' home. See Ex. 2 at ¶¶ 8, 10.

13. Edmonds' Complaint alleges that the drywall used in Edmonds' home "is inherently defective because it omits various sulfide gases and/or other toxic chemicals through 'off-gassing' that creates noxious odors, and cause [sic] damage and corrosion (the 'Defect') to the structural, mechanical, and plumbing systems of the Plaintiff's home..., as well as personal and Other Property...." See Ex. 2 at ¶ 11.

14. Edmonds' Complaint further alleges that "[t]he compounds emitted by the drywall at issue are also capable of, among other things, harming the health of individuals subjected to prolonged exposure." See Ex. 2 at ¶ 12.

15. The Certificate of Occupancy for Edmonds' property at 801 Holly Street in Richmond was issued on July 25, 2006.

16. In sum, Edmonds contends that Parallel, together with the other Defendants, knew, had reason to know, or should have known about the corrosive and damaging effect of the drywall installed in Edmonds' home, that the Defect existed in the Defendants' drywall at the time of installation, and that the Defendants acted in concert with one another to breach a duty owed to Edmonds. See Ex. 2 at ¶¶ 13-15.

17. Pending a declaration by this Court in this declaratory judgment action, Builders Mutual is providing -- pursuant to a reservation of rights including a right to recover attorneys fees and costs expended -- Parallel with a defense of the claims asserted against Parallel in Edmonds' Complaint.

## THE INSURANCE POLICIES

18. At Section I, Coverage A, (1)(a), the Commercial General Liability Coverage Form of Commercial Package Policy No. CPP 0016334 03 provides, in relevant part, for payment of "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Such section further provides, in relevant part, that "[n]o other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B."

19. At Section I, Coverage A, (1)(b), the Commercial General Liability Coverage Form of Commercial Package Policy No. CPP 0016334 03 provides, in relevant part, that "[t]his insurance applies to 'bodily injury' and 'property damage' only if:

> "(1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory;' and

> "(2) The 'bodily injury' or 'property damage' occurs during the policy period."

20.     Commercial Package Policy No. CPP 0016334 03 defines "Occurrence" to mean an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

21.     Commercial Package Policy No. CPP 0016334 03 provides, at Section I, Coverage A, (2) of the policy, in relevant part, that:

This insurance does not apply to:

> (a)     'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured. * * *

### *The Total Pollution Exclusion*

22.     The Builders Mutual 2006-2007 Policy contains a TOTAL POLLUTION EXCLUSION ENDORSEMENT (the "Total Pollution Exclusion"). In the Builders Mutual 2006-2007 Policy, the Total Pollution Exclusion is contained in Endorsement CG 21 49 09 99 to the Commercial General Liability Coverage Form of the Commercial Package Policy. The Total Pollution Exclusion in the 2006-2007 Policy excludes from coverage "'bodily injury' or 'property damage' which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time."

23.     The policy states under Section I – Coverage A of the Commercial General Liability Form, Paragraph 2 that "Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

24.     Moreover, the Total Pollution Exclusion in the 2006-2007 Policy specifically excludes from coverage any loss, cost or expense arising out of any "Request, demand, order or

statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of 'pollutants.'"

25. The Total Pollution Exclusion also appears in all subsequent policies issued by Builders Mutual.

### *"Your Work" Exclusion*

26. Pursuant to Endorsement BCG 22 94 11 03 of the Builders Mutual 2006-2007 Policy, coverage is excluded for "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard". "Your work" is defined under the policy to mean (1) Work or operations performed by you or on your behalf; and (2) Materials, parts or equipment furnished in connection with such work or operations, and includes warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work'; and the providing of or failure to provide warnings or instructions. "Product-completed operations hazard" is defined as including all "bodily injury" and "property damage" "occurring away from premises you own or rent and arising out of 'your product' or 'your work'" except "products that are still in your physical possession" or "work that has not yet been completed or abandoned."

27. The "your work" exclusion also appears in all subsequent policies issued by Builders Mutual.

### COUNT I
(Declaration of Rights as to Indemnity and Defense)

28. Plaintiff incorporates the allegations contained in Paragraphs 1 - 27 of this Complaint as if set forth fully herein.

29. Any off-gassing of sulfur gases and/or other toxic chemicals from the drywall, as alleged in the underlying Edmonds' Complaint, clearly constitutes the "actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time", and the compounds, which are known to be contaminants and irritants, clearly come within the definition of pollutants as "any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapor, soot, fumes, alkalis, chemicals and waste."

30. As such, no coverage exists for the claims alleged in Edmonds' Complaint because they are excluded by the Total Pollution Exclusion and Builders Mutual has no obligation to defend Edmonds' Complaint filed against Parallel or to indemnify Parallel for any damages sought in Edmonds' Complaint.

31. Builders Mutual is entitled to a declaration to the effect that no coverage exists for the claims alleged in the underlying Edmonds' Complaint because they are excluded by the Total Pollution Exclusion and Builders Mutual has no obligation to defend Edmonds' Complaint filed against Parallel or to indemnify Parallel for any damages sought in Edmonds' Complaint.

## COUNT II
### (Declaration of Rights as to Indemnity and Defense)

32. Plaintiff incorporates the allegations contained in Paragraphs 1 - 31 of this Complaint as if set forth fully herein.

33. Edmonds' Complaint seeks medical monitoring as a form of relief. See Ex. 2 at ¶¶ 56-60.

34. The Total Pollution Exclusion in the 2006-2007 Policy specifically excludes from coverage any loss, cost or expense arising out of any "Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain,

treat, detoxify or neutralize, or in any way respond to, or assess the effects of 'pollutants.'"

35. No coverage exists for any claim or request by Edmonds that Parallel provide medical monitoring for the independent reason that such coverage is excluded by virtue of the Total Pollution Exclusion and Builders Mutual has no obligation to defend or indemnify Parallel for any monitoring sought in Edmonds' Complaint.

36. Builders Mutual is entitled to a declaration to the effect that it has no obligation to defend or indemnify Parallel for any monitoring sought in Edmonds' Complaint by virtue of the Total Pollution Exclusion.

## COUNT III
### (Declaration of Rights as to Indemnity and Defense)

37. Plaintiff incorporates the allegations contained in Paragraphs 1 – 36 of this Complaint as if set forth fully herein.

38. No coverage exists for damage to Parallel's work for the independent reason that such coverage is excluded by virtue of the policy's "your work" exclusion, as amended by Endorsement 22 94 11 03 of the Builders Mutual 2006-2007 Policy.

39. Builders Mutual has no obligation to defend Edmonds' Complaint filed against Parallel or to indemnify Parallel for any damages sought in Edmonds' Complaint.

40. Builders Mutual is entitled to a declaration to the effect that coverage is excluded by virtue of the policy's "your work" exclusion, as amended by Endorsement BCG 22 94 11 03 of the Builders Mutual 2006-2007 Policy and that Builders Mutual has no obligation to defend Edmonds' Complaint filed against Parallel or to indemnify Parallel for any damages sought in Edmonds' Complaint.

WHEREFORE, Plaintiff prays this Court order the following relief:

a. Determining and adjudicating the rights and liabilities of the parties under Plaintiff's policy of insurance;

b. Declaring that Plaintiff Builders Mutual Insurance Company has no duty to defend or indemnify Parallel Design and Development, L.L.C. or any other insured under any policy issued to Parallel with respect to the claims in Edmonds' Complaint;

c. For such other and further relief as is just and equitable.

Dated: December 16, 2009

Respectfully submitted,

BUILDERS MUTUAL INSURANCE COMPANY
By Counsel

SANDS ANDERSON MARKS & MILLER
A Professional Corporation

_____
Danny M. Howell          VSB No. 30352
Michael T. Marr          VSB No. 48536
Mikhael D. Charnoff      VSB No. 43929
Courtney S. Schorr       VSB No. 65971
1497 Chain Bridge Road
Suite 202
McLean, VA 22101
(703) 893-3600
(703) 893-8484 (facsimile)
Counsel for Plaintiff